NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITE HERE! LOCAL 5, | No. 18-70029 |
| Petitioner, | NLRB Nos. 20-CB-163657 |
| v. | 20-CB-166055 |
| | 20-CB-171212 |
| NATIONAL LABOR RELATIONS BOARD, | |
| | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | No. 18-70324 |
| Petitioner, | NLRB Nos. 20-CB-163657 |
| | 20-CB-166055 |
| v. | 20-CB-171212 |
| UNITE HERE! LOCAL 5, | |
| Respondent. | |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted March 15, 2019
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE, SILER,** and McKEOWN, Circuit Judges.

Unite Here! Local 5 (the "Union") appeals the National Labor Relations Board's ("NLRB") decision finding that the Union violated the National Labor Relations Act ("NLRA"). In affirming two Administrative Law Judges' ("ALJ") decisions, the NLRB found that the Union's picketing activities at the Aston Waikiki Beach Hotel (the "Aston" or the "hotel") blocked or impeded hotel employees, or others while employees were present, from entering or exiting the hotel, in violation of the NLRA. We deny the Union's petition and affirm the NLRB's order.

The Union sponsored pickets near the hotel numbering 12-200 individuals on a regular basis for several months, which spanned the hotel's entrance at its *porte cochere*—a one-way, U-shaped covered driveway. Picketers would march in an oblong circle on the sidewalk where it intersected the *porte cochere*. When a vehicle approached, it was stopped to allow the picketers to continue marching; for smaller picket lines, the delay was generally for two more full rotations of the line, and for one rotation during larger picket lines, to draw attention to the picketing. After 1-4 minutes, the picketers would stop on either side of the driveway to allow the vehicle(s) to pass; this timing, however, was discretionary. In addition to the picket line delaying cars driven by the hotel's valet drivers, Aston employees at the nearby

---

** The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

valet stand were also able to observe the picket line stopping cars driven by taxi drivers or guests.

The Aston's operators filed charges against the Union, prompting the NLRB's General Counsel to issue two complaints, alleging violations of Section 8(b)(1)(A) of the NLRA for blocking or impeding hotel employees, or others while employees were present, from entering or exiting the hotel. After separate hearings, both ALJs found that the Union had violated the NLRA as alleged. On review of the consolidated cases, the NLRB affirmed the ALJ decisions and adopted the recommended Orders with modifications.

The NLRB bears "primary responsibility for developing and applying national labor policy." *NLRB v. Curtin Matheson Scientific, Inc.*, 494 U.S. 775, 786 (1990); *see also Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1150-51 (9th Cir. 2003) (citation omitted). "So long as the Board's interpretation [of the Act in a case] is 'rational and consistent' with the statute, its rulings are afforded 'considerable deference.'" *Glendale Assocs.*, 347 F.3d at 1151 (citation omitted). The NLRB's findings of fact are conclusive if they are supported by substantial evidence on the record as a whole. 29 U.S.C. § 160(e); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). As to a factual finding, the "court may not 'displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *United Nurses*

*Ass'ns of Cal. v. NLRB*, 871 F.3d 767, 777 (9th Cir. 2017) (quoting *Universal Camera*, 340 U.S. at 488). Given the NLRB's "special expertise" in the field of labor relations, we "defer to the reasonable derivative inferences drawn by the Board from credited evidence." *NLRB v. Carson Cable TV*, 795 F.2d 879, 881 (9th Cir. 1986) (citation omitted).

Section 7 of the NLRA grants employees "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. It also guarantees employees "the right to refrain from any or all of such activities." *Id.* Section 8(b)(1)(A) makes it "an unfair labor practice for a labor organization or its agents . . . to restrain or coerce . . . employees in the exercise of the rights guaranteed in section [7 of the Act]." 29 U.S.C. § 158(b)(1)(A); *see also Int'l Longshoremen's and Warehousemen's Union, C.I.O. (Sunset Line and Twine Co.)*, 79 NLRB 1487, 1504 (1948). Determining the existence of a restraint or coercion turns on "whether the misconduct is such that, under the circumstances existing, it may reasonably tend to coerce or intimidate employees in the exercise of rights protected under the Act." *NLRB v. Serv. Emps. Int'l Union, Local 254, AFL-CIO*, 535 F.2d 1335, 1337-38 (1st Cir. 1976) (internal quotation marks and citations omitted); *see also Plumbers Local 38 (Bechtel Corp.)*, 306 NLRB 511, 518 (1992).

Substantial evidence supports the NLRB's finding that the Union had "deliberately, repeatedly, and persistently blocked numerous vehicles" driven by employees for 1-4 minutes at a time, and "engaged in similar conduct" by "temporarily blocking numerous vehicles in the presence or view of the hotel valet and bell employees." The NLRB—in adopting the underlying ALJ conclusions— rejected the Union's argument that its conduct was "brief and merely inconvenienced vehicles" and was "minor or de minimis," and distinguished the Union's actions from cases that involved only a few affected employees during months of picketing. Short delays, occurring regularly over the course of months and affecting workers during their performance of work duties, as well as others in the presence of employees, is sufficient to reasonably find that such actions violated the NLRA. The explanations of the NLRB's legal position, through the adoption of the ALJs' conclusions, were therefore not "inadequate, irrational or arbitrary." *See Local Joint Exec. Bd. of Las Vegas v. NLRB*, 309 F.3d 578, 583 (9th Cir. 2002) (quoting *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 364 (1998)).

PETITION DENIED; ORDER ENFORCED.